### JOHN GERHAB v. JAMES S. WHITE.

Where the jury, by their verdict, say "we find the full amount of the plaintiff's claim," and it appears that there was one amount claimed in the bill of particulars, and another on the trial before the jury, the verdict is not informally expressed, but is ambiguous and uncertain, and cannot be amended by the court.

---

On rule to show cause why a new trial should not be granted.

Argued at February Term, 1878, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE and SCUDDER.

For the plaintiff, *D. J. Pancoast.*

For the defendant, *J. E. Hays.*

Gerhab v. White.

The opinion of the court was delivered by

SCUDDER, J.   The declaration of the plaintiff in *assumpsit* contains only the common counts.   The bill of particulars furnished to the defendant on notice and demand, states the amount claimed at $2828.14.   The jury, after retiring for consideration, returned and rendered their verdict in the following form : " We find for the full amount of the plaintiff's claim."   No sum was named or other particulars given.

On motion after verdict, which was taken when the judge was absent, the court ordered the verdict to be amended, so as to find for the plaintiff the sum of $1700, that being the amount which the plaintiff's attorney had stated in open court, before the jury, would be satisfactory to him.

The first question raised on the argument of the rule is, whether the verdict was rendered in such form that it was amendable, so as to make it a complete and legal verdict.   It was undoubtedly bad in form, because it was uncertain and ambiguous.   There were two sums named as the claim of the plaintiff to which the verdict might apply.   The sum claimed in the bill of particulars was $2828.14 ; the amount named by the plaintiff's attorney to the jury as satisfactory was $1700.   The jury, notwithstanding the attorney's statement, had the right to find the larger sum, if, on examination of the bill of particulars, and hearing the evidence, they believed the charge to be correct.   Their finding for the full amount of the plaintiff's claim would ordinarily mean that such was their conclusion.   But the judge who heard the trial construed the verdict otherwise, and directed that it should be entered for $1700.   We think that this amendment could not be made.   Where there is incongruity in a verdict, the court cannot make it consistent ; and where there is ambiguity or uncertainty, the judge cannot make it definite and certain. But where the verdict is informally expressed, the court may and should render it formal and effective.

The error in this case was substantial and not merely formal.   *Stewart* v. *Fitch*, 2 *Vroom* 17 ; *D., L. & W. R. R.*

*Co.* v. *Toffey*, 9 *Vroom* 525; *Phillips* v. *Kent*, 3 *Zab.* 155; 1 *Chitty's Arch. Pr.* 462.

Although the verdict as amended was entered for the smaller sum claimed by the plaintiff, and he does not object, the defendant has the right to insist that no verdict for any sum shall be given against him, except it be in legal form.

It is not necessary to consider other questions raised on the argument of the rule, as this substantial defect in the verdict entitles the defendant to have the rule for a new trial made absolute. It is so ordered.